IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| | * | Case No. 15-po-7969 |
| **v.** | * | |
| | * | |
| | * | |
| **KYLE A. HERNDON,** | * | |
| | * | |
| | * | |
| **Defendant** | * | |
| ************ | | |

## MEMORANDUM OPINION AND ORDER OF COURT

This matter is before the Court on Defendant's *pro se* petition to expunge his criminal record of his dismissed charge of possession of less than one ounce of marijuana, a controlled substance, in violation of 36 C.F.R. § 2.35(b)(2), and of his plea without judgment of conviction for possession of drug paraphernalia, in violation of Md. Code Ann., Crim. Law § 5-619.[1] Defendant seeks expungement because he is seeking employment as a Border Patrol agent. No hearing is necessary. L.R. 105.6.

Because there is no applicable statute providing for expungement in a case such as this one, the only available jurisdictional basis is the doctrine of ancillary jurisdiction. *United States*

---

[1] Defendant pled guilty to possession of drug paraphernalia, a violation of Md. Code Ann., Crim. Law § 5-619, as assimilated into federal law by the Assimilative Crimes Act, 18 U.S.C. § 13. As such, the Court granted Defendant probation before judgment under the applicable state statute, Md. Code Ann., Crim. Proc. § 6-220, rather than the federal probation before judgment statute, 18 U.S.C. § 3607. The Court of Appeals of Maryland has determined, however, that section 6-220 is procedural in nature, rather than substantive. *State v. Glass*, 872 A.2d 729, 730 n.3 (Md. 2005). "Although the Assimilative Crimes Act assimilates state substantive law pertaining to the elements of an offense and its punishment, it does not generally adopt state procedures or rules of evidence." *United States v. Sauls*, 981 F. Supp. 909, 911 (D. Md. 1997); *see United States v. King*, 824 F.2d 313, 315 (4th Cir. 1987); *United States v. Wilmer*, 799 F.2d 495, 499–500 (9th Cir. 1986). Defendant is not eligible for an expungement order under § 3607.

*v. McKnight*, 33 F. Supp. 3d 577, 580 (D. Md. 2014). "The term 'ancillary jurisdiction' refers to the court's power to hear claims that are closely linked to other claims over which the court's jurisdiction is otherwise secure." *United States v. Wahi*, 850 F.3d 296, 300 (7th Cir. 2017). "'Ancillary' jurisdiction applies to related *proceedings* that are technically separate from the initial case that invoked federal subject-matter jurisdiction." *United States v. Mettetal*, 714 F. App'x 230, 233 n.1 (4th Cir. 2017) (quoting *United States v. Field*, 756 F.3d 911, 914 (6th Cir. 2014)).

> [F]ederal courts generally may invoke the doctrine of ancillary jurisdiction in two circumstances: (1) where necessary to permit disposition by a single court of claims that are factually interdependent; and (2) "to enable a court to function successfully, that is, to manage its proceeding, vindicate its authority, and effectuate its decrees."

*McKnight*, 33 F. Supp. 3d at 580 (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379-80 (1994)); *see Mettetal*, 714 F. App'x at 234.

Neither circumstance applies to petitions for equitable expungement, however. *Mettetal*, 714 F. App'x at 235. First, "a request for equitable expungement is not factually dependent on the underlying criminal case in any sense that matters. Instead, it will always turn on facts collateral to or arising after the case is over—in short, matters external to the criminal case itself." *Wahi*, 850 F.3d at 302. Thus, the facts underlying Defendant's charges are not interdependent with any equitable circumstances that he may claim justify expungement. *See Mettetal*, 714 F. App'x at 235 ("Here, the reasons Mettetal gives to support his petition for equitable expungement [of his criminal record of his arrest and overturned convictions] are that he has not run afoul of the law since he was arrested in 1995 and that his criminal record has had adverse professional and personal consequences. These matters, however, arose after he was arrested and involve facts quite separate and distinct from the criminal proceedings themselves.

As such, Mettetal's petition is not 'interdependent' with anything that was properly before the federal court.  It therefore 'requires its own basis for jurisdiction.'" (quoting *Kokkonen*, 511 U.S. at 378)); *Doe v. United States*, 833 F.3d 192, 199 (2d Cir. 2016).

Second, "the power to expunge judicial records on equitable grounds is not incidental to the court's ability to function successfully *as a court*.  Equitable expungement is not needed to enable the court to 'manage its proceedings' for the simple reason that the criminal proceedings are over."  *Wahi*, 850 F.3d at 302 (citing *Kokkonen*, 511 U.S. at 380).  "Nor is expungement authority needed to enable the court to 'vindicate its authority' or 'effectuate its decrees.'"  *Id.* (citing same).  Moreover, "[e]quitable considerations which arise after the termination of court proceedings do not operate to vitiate decrees that went into effect years earlier."  *Mettetal*, 714 F. App'x at 235; *see Doe*, 833 F.3d at 198.  Thus, *Kokkonen*'s second prong is not satisfied.

In short, "ancillary jurisdiction does *not* include a general equitable power to expunge judicial records in a criminal case."  *Wahi*, 850 F.3d at 302-03; *see Mettetal*, 714 F. App'x at 235.  Defendant's *pro se* petition to expunge his criminal record is, therefore, **DISMISSED** for lack of jurisdiction.

Date: March 17, 2021                                     /s/
                                                          Thomas M. DiGirolamo
                                                          United States Magistrate Judge